IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

**MADELEINE BUKASA,**
*Individually, and on behalf of herself
and others similarly situated,*

Plaintiff,

v.   No._____

**NATIONAL PEN TENNESSEE, LLC**   FLSA Collective Action
and **NATIONAL PEN CO., LLC**   JURY DEMANDED

Defendants.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Madeleine Bukasa ("Plaintiff"), on behalf of herself, individually, and on behalf of herself and others similarly situated as a class, files this Collective Action Complaint, averring as follows:

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against Defendants National Pen Tennessee, LLC and National Pen Co., LLC (Collectively, Defendants) on behalf of all current and former hourly-paid employees who worked at Defendants' production facility located at 342 Shelbyville Mills Road, Shelbyville, Tennessee 37161. Plaintiff and the class seek damages for unpaid "off-the-clock" work, "miscalculated" overtime compensation and "edited-out/shaved" straight time and overtime compensation for those who have worked for Defendants as hourly-paid

employees at any time within the three (3) years preceding the filing of this lawsuit. Plaintiff's and class members' unpaid "off the clock", "miscalculated" overtime and "edited-out/shaved" wage claims are unified by common theories of FLSA violations.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.*, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District, was employed by Defendants to perform work in this District, and Defendants have, and continue to, conduct business within this District at all relevant periods to this action. In addition, a substantial part of the events, commissions, inactions, and omissions giving rise to these claims and this action occurred within this District.

## PARTIES

4. Defendant National Pen Tennessee, LLC is a division of National Pen Co., LLC and is a Delaware Limited Liability Company with its principal offices located at 12121 Scripps Summit Drive, San Diego, California 92131-4609, and with its production facility located in Shelbyville, Tennessee. National Pen Tennessee, LLC has been an "employer" of Plaintiff and others similarly situated (through an integrated enterprise) as such term is defined in the FLSA 29 U.S.C. § 203(d) and 29 U.S.C. § 203(r) at all times material to this action. National Pen Tennessee, LLC may be served with process via its Registered Agent Corporation Service

Company at 2908 Poston Avenue, Nashville, Tennessee 37203.

5. Defendant National Pen Co., LLC is the parent company of National Pen Tennessee, LLC and is a Delaware Limited Liability Company, with its principal offices located at 12121 Scripps Summit Drive, San Diego, California 92131-4609, and with its production facility located in Shelbyville, Tennessee. National Pen Co., LLC has been an "employer" of Plaintiff and others similarly situated (through an integrated enterprise) as such term is defined in the FLSA 29 U.S.C. § 203(d) and 29 U.S.C. § 203(r) at all times material to this action. National Pen Co., LLC may be served with process via its Registered Agent Corporation Service Company at 251 Little Falls Drive, Wilmington, Delaware 19808.

6. Plaintiff Madeleine Bukasa was a resident of Tennessee and worked as an hourly-paid employee while employed by Defendants within this District during the three-year period immediately preceding the filing of this Complaint. Plaintiff Bukasa's Consent to Join this collective action is attached hereto as *Exhibit A*.

## FACTUAL BASIS FOR SUIT

7. Defendants manufacture and sell pens and other promotional items "to businesses and professionals in every industry at low factory direct pricing."

8. Plaintiff Madeleine Bukasa was employed by and worked for Defendants as an hourly-paid employee within this district during the three (3) year period preceding the filing of this action.

9. Defendants have been the "employer" of Plaintiff and class members within the

meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

10. At all times material to this action, Plaintiff and class members have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this collective action.

11. At all times material to this action, Defendants have been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00. Plaintiff and other similarly situated hourly-paid employees also have engaged in commerce and the production of goods for commerce during the applicable statutory period.

12. Defendants have had a centralized time keeping system for the purpose of recording Plaintiff and class members' compensable work time - at all times material.

13. Plaintiff and other similarly situated hourly-paid employees have been subject to Defendants' time keeping, payroll and operational plans, policies, and practices at all times relevant to this action.

14. Defendants had a common policy, plan, and practice of inducing, expecting, and suffering and permitting, Plaintiff and similarly situated hourly-paid employees to work "off-the-clock" for which time they were not compensated, during all times material and relevant to this action.

15. Plaintiff and others similarly situated performed "off the clock" work for

Defendants for which they were not compensated at the applicable FLSA straight and overtimes rates of pay within weekly pay periods during all times material and relevant to this Complaint.

16. The aforementioned unpaid "off the clock" claims of Plaintiff and those similarly are unified by common theories of Defendants' FLSA violations.

17. Defendants had a common policy, plan, and practice of requiring Plaintiff and others similarly situated to work in excess of forty (40) hours per week within weekly pay periods during all times material and relevant.

18. Plaintiff and others similarly situated performed work for Defendants in excess of forty (40)hours per week within weekly pay periods during all times material and relevant to this action without being compensated for such overtime work at the applicable FLSA straight and overtime rates.

19. On information and belief, Defendants had a common policy, plan, and practice of "editing-out/shaving" portions of the aforementioned overtime work of Plaintiff and others similarly situated within weekly pay periods during the three (3) years preceding the filing of this action, without compensating them at the applicable FLSA straight and overtime rates of pay for such "edited-out/shaved" time.

20. The aforementioned unpaid and "edited-out/shaved" claims of Plaintiff and those similarly are unified by common theories of Defendants' FLSA violations.

21. On information and belief, Defendants had a common policy, plan, and practice of not including non-discretionary bonuses in calculating the regular hourly rates

Page **5** of **15**

Case 4:19-cv-00024-PLR-SKL   Document 1   Filed 03/13/19   Page 5 of 15   PageID #: 5

of pay of Plaintiff and those similarly situated for the purpose of computing their overtime compensation during all times material and relevant to this Complaint.

22. As a result, Plaintiff and those similarly situated did not receive the additional overtime compensation they otherwise would have received had their non-discretionary bonuses been properly included in determining their accurate hourly rate of pay for each applicable weekly pay period during all times material and relevant to this action.

23. Defendants were aware the non-discretionary bonuses that Plaintiff and those similarly situated were given were not included in the determination of their regular hourly rate of pay in calculating overtime compensation at all times material and relevant to this Complaint.

24. During all times material, Defendants took no action to include the non-discretionary bonuses of Plaintiff and those similarly situated when determining the hourly rates of pay for the purposes of calculation of overtime compensation owed, and likewise, failed to "edit-in" such unpaid overtime compensation due them for the applicable weekly pay periods.

25. Thus, Plaintiff and those similarly situated are yet due the aforementioned unpaid overtime compensation occasioned by Defendants' failure to include their non-discretionary bonuses in determining their hourly rate of pay in the calculation of their overtime pay.

26. These "miscalculated" overtime claims of Plaintiff and those similarly situated are unified by a common theory of Defendants' FLSA violations.

27. The net effect of Defendants' common plan, policy, and practice of working Plaintiff and those similarly situated "off the clock", "editing-out/shaving'" compensable work time from their timekeeping system, and "miscalculating" their overtime pay is that Defendants have unjustly enriched themselves and enjoyed ill-gained profits at the expense of Plaintiff and class members.

28. Defendants failed to accurately record all work hours performed by Plaintiff and class members as required by the FLSA, 29 C.F.R. §516.2(a)(7).

29. By their failure to accurately record hours worked and pay Plaintiff and class members for all the time that they worked, Defendants willfully failed to compensate them for all such time at the applicable straight time and overtime rates of pay, as required by the FLSA.

30. Defendants knew and were aware at all times relevant, that they were not recording and/or not paying Plaintiff and class members for all of the hours worked, without a good faith basis for that failure.

31. Defendants' common plans, policies, and practices of not compensating Plaintiff and class members for all hours worked in determining overtime pay and, the "miscalculated" overtime pay relative to their non-discretionary bonuses, at the applicable straight time and overtime rates of pay have violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

32. As a result of Defendants' bad faith and willful failure to pay Plaintiff and class members in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost straight time and overtime

compensation as well as other damages.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

33. Plaintiff brings this case as a collective action on behalf herself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid straight time wages and unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

34. The proposed collective class of similarly situated persons is defined as:

   All current and former hourly-paid individuals employed by Defendants National Pen Tennessee, LLC and National Pen Co., LLC who performed work "off the clock" without pay, who had their work time "editing-out/shaved" and/or who earned non-discretionary bonuses that were not included in the calculation of their overtime compensation, occurring anywhere in the United States within the three (3) years preceding the filing of this action.[1] ("Class Members")

35. Plaintiff seeks to pursue her unpaid "off-the-clock", "edited-out" and "miscalculated" overtime wage claims against Defendants on behalf of herself, individually, and on behalf of herself and all other similarly situated hourly-paid employees as a class.

36. Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked, as required by the FLSA.

37. Moreover, this action is properly maintained as a collective action because

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

Plaintiff is similarly situated to the members of the collective class with respect to Defendants' compensation plans, policies, and practices. Plaintiff and the members of the class were subjected to Defendants' policy of being required or induced to work "off the clock", of having their work time "edited-out/shaved" from Defendants' time keeping system and of Defendants' failing to include their non-discretionary bonuses in the calculation of their overtime pay.

38. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

39. Plaintiff will fairly and adequately protect the interests of the class as her interests are in complete alignment with those of class members, i.e. to pursue their aforementioned "off the clock", "edited-out/shaved" and "miscalculated" overtime claims, as previously described.

40. Counsel for Plaintiff will adequately protect her interests as well as the interests of all putative class members.

41. Defendants required and induced Plaintiff and class members to work "off-the-clock", "edited-out/shaved" compensable time and "miscalculated" their overtime pay within weekly pay periods at all times relevant.

42. Defendants knew Plaintiff and class members performed work that required

additional straight time and overtime compensation to be paid. Nonetheless, Defendants operated under a common policy, practice, and plan to deprive Plaintiff and class members of such FLSA required straight time and overtime compensation.

43. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and the collective class.

44. Defendants' conduct was not in good faith by their failure to compensate Plaintiff and the class members for all hours worked at the FLSA applicable straight time and overtime compensation rates of pay, as required by the FLSA.

45. Therefore, Defendants are liable to Plaintiff and the class members under the FLSA for failing to properly compensate them for all their aforementioned "off the clock" work, "edited-out/shaved" and "miscalculated" claims.

46. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid straight time and overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

47. Plaintiff estimates there are more than two-hundred (200) members of the collective class. The precise number of collective class members can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the collective class may be

Page **10** of **15**

Case 4:19-cv-00024-PLR-SKL   Document 1   Filed 03/13/19   Page 10 of 15   PageID #: 10

informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendants' locations/jobsites.

48. Plaintiff and class members' unpaid straight and overtime compensation claims may be determined partially by an examination of Defendants' payroll, scheduling, timekeeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

49. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

50. At all relative times, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

51. At all relevant times, Defendants have been "employers" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a).

52. At all relevant times, Defendants employed Plaintiff and each of the class members consistent with the terms of the FLSA.

53. At all relevant times, Defendants were "employers" under the FLSA.

54. At all relevant times, Plaintiff and class members were "employees" of Defendants within the meaning of the FLSA's straight wage and overtime wage requirements.

55. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times.

56. As a result of Defendants' common policy, practice, and plan of working Plaintiff and class members "off-the-clock", "editing-out/shaving" their compensable time and "miscalculating" their overtime pay (as previously described) Plaintiff and class members were not paid all their straight time and overtime compensation, as required by the FLSA.

57. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

58. Through their actions, policies, practices, and plans, Defendants violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and similarly situated individuals for all their aforementioned "off the clock" hours worked, their "editing-out/shaving" compensable time and their "miscalculated" overtime pay.

59. The foregoing actions of Defendants violated the FLSA.

60. Defendants' actions were willful with reckless disregard of clearly applicable FLSA provisions.

61. Defendants' actions were not in good faith.

62. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of

income and other damages.

63. Therefore, Defendants are liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and similarly situated employees FLSA statutory damages against Defendants;

b) Award Plaintiff and similarly situated employees all unpaid straight time and overtime compensation against Defendants;

c) Award Plaintiff and similarly situated employees for an amount equal to their unpaid straight time and overtime compensation, pursuant to the applicable wage and overtime rates;

d) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

e) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

f) Award prejudgment interest (to the extent that liquidated damages are not awarded);

g) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of

this action, to be paid by Defendants, in accordance with the FLSA;

h) Award post-judgment interest and court costs as allowed by law;

i) Enter an Order designating this action as an opt-in collective action under the FLSA;

j) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

k) Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

l) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

m) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: March 13, 2019.    Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathan A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

*ATTORNEYS FOR PLAINTIFF*
*AND FOR OTHERS SIMILARLY*
*SITUATED*